19 F.3d 1432
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Na'im A. ABDUL-MATEEN, Plaintiff-Appellant,
v.
Robert MOTON, Case Manager at State Prison of Southern
Michigan; Brian Watson, Assistant Deputy Warden,
Defendants-Appellees.
 No. 93-1662.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1994.
 
 Before: JONES, BOGGS, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Na'im A. Abdul-Mateen, a pro se Michigan prisoner, appeals a district court judgment granting summary judgment for the defendants in his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief and the expungement of a minor misconduct conviction from his prison record, Abdul-Mateen sued the hearing officer (Moton) who conducted his misconduct hearing and the assistant deputy warden (Watson) to whom he appealed Moton's decision. The defendants were named in their individual and official capacities for allegedly violating Abdul-Mateen's rights under the First and Fourteenth Amendments, Michigan law, and policies of the Michigan Department of Corrections (MDOC). In his complaint, Abdul-Mateen claimed that he was not granted the opportunity to be heard at his minor misconduct hearing, which was held in his absence, and that he was denied an appeal when Watson failed to respond to his appeal in a timely fashion. He further alleged that his rights to associate and to practice his religion were violated by his sentence of three days in "toplock," which prevented his participation in group prayers in the prison exercise yard.
 
 
 3
 The defendants filed a motion to dismiss or for summary judgment, to which Abdul-Mateen responded with his own motion for summary judgment. A magistrate judge issued a report in which he recommended that the defendants' motion for summary judgment be granted. After reviewing Abdul-Mateen's objections, the district court adopted the magistrate judge's report, granted the defendants' motion for summary judgment, denied Abdul-Mateen's motion for summary judgment, and dismissed the complaint. On appeal, Abdul-Mateen continues to argue the merits of his claims.
 
 
 4
 Upon review, we affirm the district court's judgment in part, vacate in part, and remand the case for further proceedings. This court reviews de novo a district court's grant of summary judgment. Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see United States v. TRW, Inc., 4 F.3d 417, 423 (6th Cir.1993). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (original emphasis).
 
 
 5
 We affirm the district court's summary judgment for the defendants as to the alleged First Amendment violation because the defendants' actions did not significantly burden Abdul-Mateen's right to practice his religion. Although his participation in group prayer was curtailed for three days, it was solely a side effect of the punishment imposed for a disciplinary infraction. His right to practice his religion by alternative means, including solitary prayer, was unaffected. Thus, the alleged deprivation does not rise to a level of constitutional magnitude.
 
 
 6
 We also affirm the district court's grant of summary judgment as to the alleged violation of Abdul-Mateen's rights under Michigan law and policy because these claims are not cognizable under Sec. 1983. To state a viable Sec. 1983 claim, a plaintiff must allege that a person acting under color of state law violated a right, privilege, or immunity secured by the Constitution or the laws of the United States. See Codd v. Brown, 949 F.2d 879, 881 (6th Cir.1991). It remains settled that a federal court may not instruct state officials on how to conform their conduct to state law. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 106 (1984); Walker v. Mintzes, 771 F.2d 920, 934 (6th Cir.1985).
 
 
 7
 Abdul-Mateen's request for injunctive relief is moot. He has not refuted evidence submitted by the defendants in the form of PD-DWA-60.01 which states in part that "[u]nless a minor charge is part of a major misconduct hearing, minor misconduct hearing reports shall not be filed in the prisoner's files, except that a copy of the minor misconduct hearing report shall be kept in the ... counselor's file for at least 60 days after the date of the hearing for control and monitoring purposes...." Thus, there would be no record of this misconduct in Abdul-Mateen's file to expunge.
 
 
 8
 The district court did not err in granting summary judgment for defendant Watson as to Abdul-Mateen's claim that he was denied the right to appeal. It is undisputed that he was given an appeal form following the disciplinary decision and did submit his appeal. Although it is, perhaps, unfortunate that his appeal was not decided before he served his three days in toplock, we have discovered no constitutional right to a speedy appeal.
 
 
 9
 However, the district court's judgment must be vacated as to Abdul-Mateen's due process claim because there is a genuine issue of material fact as to whether Abdul-Mateen was given a meaningful opportunity to appear at his hearing.
 
 
 10
 Initially, we note that the magistrate judge incorrectly applied Parratt v. Taylor, 451 U.S. 527 (1981), to the facts of this case. Parratt applies only to random and unauthorized acts by state officials. See Zinermon v. Burch, 494 U.S. 113, 136-37 (1990). The deprivation of Abdul-Mateen's liberty in the form of his three-day sentence to toplock took place as a result of a minor misconduct hearing, which can scarcely be considered a random and unauthorized act. The defendants deliberately chose to place Abdul-Mateen in toplock pursuant to prison regulatory authority. An otherwise lawful act is not rendered random and unauthorized for purposes of Parratt merely because the process afforded by state law was not followed. See id. at 138 & n. 20; Watts v. Burkhart, 854 F.2d 839, 842-44 (6th Cir.1988); Franklin v. Aycock, 795 F.2d 1253, 1259-60 (6th Cir.1986).
 
 
 11
 Due process entitles a prisoner charged with misconduct to prompt notice, a hearing, an opportunity to present evidence in his defense, and a written statement of the reasons for the disciplinary decision. See Wolff v. McDonnell, 418 U.S. 539, 555-72 (1974). Abdul-Mateen conceded that he received notice of a hearing on the specified charge and a statement of reasons for his conviction, i.e., the credibility of the officer's testimony. This statement meets the "some evidence" required to support a disciplinary decision. See Higgs v. Bland, 888 F.2d 443, 448 (6th Cir.1989).
 
 
 12
 Abdul-Mateen's complaint centers on his alleged lack of opportunity to present evidence at his disciplinary hearing, which was held in his absence. An inmate's right to present evidence in his defense is one of the essential due process protections afforded by the Fourteenth Amendment. Wolff, 418 U.S. at 566. However, that right is balanced against the institution's right to maintain security. In addition, an inmate may refuse to attend his hearing after being given constitutionally adequate notice.
 
 
 13
 The defendants in this case assert that Abdul-Mateen simply failed to attend his hearing after stating that he would be there. Such a refusal to attend would not render the hearing constitutionally defective. However, Abdul-Mateen has stated by affidavit that he was prevented from attending his hearing because of his work assignment and, more importantly, because he was confined to his cell for an emergency count during the time for which the hearing was scheduled. Moreover, Abdul-Mateen has submitted evidence which tends to support the latter assertion. Thus it appears that there is evidence to support the proposition that Abdul-Mateen was prevented from presenting evidence in his defense. Because there is a genuine material dispute as to the reason Abdul-Mateen did not attend his disciplinary hearing and present evidence, summary judgment as to this issue is precluded at this time. Moreover, defendant Moton is not entitled to qualified immunity because the right to present evidence at a disciplinary hearing is well-established. See Hewitt v. Helms, 459 U.S. 460, 476 (1983); Wolff, 418 U.S. at 555-72.
 
 
 14
 Accordingly, we affirm the district court's judgment as to the dismissal of Abdul-Mateen's First Amendment claim, the claim for injunctive relief, and the alleged denial of the right to appeal. We vacate the judgment as to the Fourteenth Amendment claim against defendant Moton and remand the case for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.